Submitted February 7, reversed December 2, 2020

In the Matter of M. Z.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

M. Z.,
*Appellant.*

Benton County Circuit Court
19CC03574; A171694

476 P3d 1258

Locke A. Williams, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed.

**PER CURIAM**

Appellant appeals a judgment committing him to the custody of the Mental Health Division for a period of time not to exceed 180 days. ORS 426.130. He asserts that the trial court erred in failing to dismiss the case because he had been held for more than five judicial days prior to the hearing. The state concedes the error. As explained below, we accept the state's concession.

A physician's hold was placed on appellant on June 22, 2019, and thereafter filed with the court under case number 19CC03465. Apparently because hospital staff believed that appellant would consent to a 14-day diversion period pursuant to ORS 426.237, no steps were taken to provide appellant with a hearing within five judicial days of the hold. Appellant did not consent to the diversion and was not released after five judicial days. Instead, a new physician's hold was created, dated July 1, 2019, filed with the court, and given case number 19CC03574. A precommitment investigation was completed on July 2, and a hearing was held on July 3. The trial court rejected appellant's argument that the case should be dismissed because he had been held for more than five judicial days, reasoning that he had been held in case number 19CC03574 for only two days.

We have reiterated numerous times that an allegedly mentally ill person who has been held for more than five judicial days without a hearing is entitled to dismissal. This issue was discussed at length in *State v. L. O. W.*, 292 Or App 376, 380-81, 424 P3d 789 (2018), in which we adhered to our long line of precedent on this matter. In *State v. A. E. B.*, 196 Or App 634, 635, 106 P3d 647 (2004), and *State v. J. D.*, 208 Or App 751, 752, 145 P3d 336 (2006), we explained that the hold provisions of the civil commitment statutes cannot be circumvented by simply placing a new hold on an appellant who has already been held more than five judicial days without a hearing. Those cases are controlling here.

Reversed.